Donald HENDERSON

v.

Gilbert L. WEATHERLY, et al.

Civ. A. No. 86–6811.

United States District Court, E.D. Pennsylvania.

June 9, 1987.

Robert J. Hines, Ithaca, N.Y., for plaintiff.

Albert G. Weiss, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

The defendants have filed a "Motion to Strike Complaint Signed with Intent to Defeat Purpose of Rule 11 of the Federal Rules of Civil Procedure," asserting that plaintiff's counsel failed to conduct a reasonable investigation before signing the Complaint. According to the defendants, if there had been an adequate investigation, counsel would have appreciated the total lack of merit in his client's claims.

Although plaintiff has failed to respond to the defendants' motion, the motion will be denied. In the first place, it is not clear that adequate service of the motion has yet occurred. This action was originally filed in the United States District Court for the Northern District of New York, where plaintiff resides and where plaintiff's counsel has his office. The parties then stipulated to a transfer to this District, but no local counsel has yet appeared in the action on behalf of the plaintiff. The certificate of service accompanying the present motion states that it was served on plaintiff's counsel by certified mail, return receipt requested; but no proof of delivery has been furnished, nor is the address of plaintiff's counsel revealed in the certificate. The certificate of service does not disclose that anything more than the motion itself was served, in any event, and it is quite possible that neither plaintiff nor his New York lawyer was made aware of the need for a response to the motion.

More importantly, the merits of the defense motion seem questionable. The defendants claim that plaintiff's lawsuit is based upon charges of financial mismanagement of a corporation in which plaintiff is a minority shareholder. They assert that neither plaintiff nor his counsel made any investigation into the financial affairs of the corporation, although the defendants have repeatedly offered to make the books and records available for examination. Therefore, say the defendants, the Complaint should be stricken.

While these allegations might justify striking portions of plaintiff's Complaint, my reading of that document discloses several claims unrelated to the financial affairs of the corporation, which might well be valid irrespective of the information in the books and records the defendants have offered to make available. Moreover, Federal Rule of Civil Procedure 11 does not require an attorney to disbelieve his own client merely on the strength of contrary assertions by opposing counsel, nor is that rule violated merely because plaintiff's attorney is not yet in possession of all of the facts which full-scale discovery might disclose.

If defendants' confidence in the righteousness of their cause is indeed justified, they are at liberty to file and pursue a properly supported motion for summary judgment under Federal Rule of Civil Procedure 56 and, if the circumstances then warrant it, to renew their request for Rule 11 sanctions. An appropriate Order follows.

*ORDER*

AND NOW, this 9th day of June, 1987, upon consideration of defendants' "Motion to Strike Complaint Signed with Intent to Defeat Purpose of Rule 11 of the Federal Rules of Civil Procedures," it is OR-DERED:

That the motion is DENIED, WITHOUT PREJUDICE.